NATHAN B. DANFORTH *vs.* EMIL HERTEL and PAUL ISEN-SCHMID, trading as HERTEL & COMPANY.

*Assumpsit—Evidence—Mercantile Agency Investigation—Partnership—Dissolution of—Notice of—Personal—By Newspaper—By Circumstances.*

1. In a suit against partners where the defense is dissolution of the firm, it is competent for the plaintiff to show by the general manager of a mercantile agency that at the instance of the plaintiff the said agency made a careful search of the newspapers, covering the period during which the goods were delivered, and found that no notice of the dissolution of the partnership in question was published during the time.

2. The agreement of dissolution in question, being formally proved on the part of the defendants, is admissible in evidence.

3. A partnership is a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions.

4. The act of each partner, in transactions relating to the partnership and within the scope of its particular business, as a general rule, is considered the act of all. After the dissolution, neither of the former partners can enter into any new contract or obligation to bind his former partner.

5. Where a partnership is shown to exist, it may be presumed to continue, where no notice of its dissolution has been given to, or knowledge thereof received by, those properly entitled to it.

6. Knowledge of the dissolution may be proved by express notice to the plaintiff, by the admission of the plaintiff that defendant gave him due notice, and also by any circumstances proved which may reasonably and fairly warrant the conclusion that the plaintiff did receive notice, or have knowledge of the dissolution.

6. It is not necessary, in order to convey the knowledge of the dissolution, that notice thereof should be published in a newspaper or be advertised in any way. It is sufficient if such knowledge is actually received by the plaintiff.

*(December 18, 1900.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*William S. Hilles* for plaintiff.

*James W. Ponder* and *John G. Gray* for defendants.

Superior Court, New Castle County, November Term, 1900.

ACTION OF ASSUMPSIT (No. 92, November Term, 1899), for goods sold and delivered to defendants consisting of drugs and sundry supplies furnished them for their retail drug business, between the dates of July 1, 1899, and November 14, 1899, and amounting with interest to $303.64.

The declaration was in the common counts and bill of particulars was filed with the same. The pleas were non assumpsit, payment, and statute of limitation, together with a special plea and affidavit denying partnership.

The plaintiff proved his account and testified that the goods were furnished to the firm of Hertel & Company, consisting of the defendants above named, and that he had no notice of the dissolution of the partnership.

The witness, Frank J. Williams, general manager of Dunn & Company's Mercantile Agency of Wilmington, was then produced on behalf of the plaintiff and testified that the business of his

agency was to investigate the financial standing of business firms and who composed the same, such information being for the benefit of their customers, of whom the plaintiff Mr. Danforth, was one; that a careful search of the newspapers was made by said agency between July 1, 1899, and December 30, 1899, and there was no notice of the dissolution of the partnership of Hertel & Company published during that time.

The witness was then asked the following question by Mr. Hilles:

" When did you first learn of the dissolution, if there was a dissolution, of the firm of Hertel & Company ?"

Objected to by counsel for defendants as inadmissible.

GRUBB, J.:—The Court consider that question is admissible at this stage of the proceedings in view of the fact that it has already been shown to us, and has not yet been contradicted, that the plaintiff applied to this agency to obtain this particular information for him ; and hence he has a right to show the results of that inquiry on behalf of the plaintiff.

The defendant excepted.

The defendant, Paul Isenschmid, was produced and testified that the above mentioned partnership was dissolved by a written agreement on January 27, 1899, and that he personally notified the plaintiff, before any of the goods mentioned in the bill of particulars had been furnished the defendant firm, that he no longer had any interest in said firm. The agreement of dissolution in question was formally proved and offered in evidence, and objected to by counsel for plaintiff as irrelevant.

GRUBB, J.:—We consider that this is admissible for the purpose of proving the dissolution of the defendant firm on January 27, 1899.

GRUBB, J. charging the jury:

Gentlemen of the jury:—This is an action on the case in assumpsit, brought by Nathan B. Danforth, the plaintiff, against Emil Hertel and Paul Isenschmid, co-partners trading as Hertel & Company. The plaintiff's claim is for goods sold and delivered to Hertel & Company, consisting of those two persons named, amounting to $285.11, with interest from November 14, 1899.

The plaintiff claims that these goods in controversy were sold and delivered to the said alleged partnership, between July 1 1899, and November 14, 1899. On the other hand, the defendant Isenschmid claims that no such firm existed on the first day of July, 1899, nor during the period from July 1, 1899, to November 14, 1899, because the firm, which we understand the defendant to admit had previously existed, was actually dissolved on the twenty-seventh day of January, 1899; that is, several months before any of the goods claimed to have been sold and delivered in this suit were actually sold and delivered by the plaintiff to Emil Hertel and Paul Isenschmid, co-partners trading as Hertel & Company.

A partnership, such as that between the individual partners mentioned, has been defined to be "a contract of two or more competent persons to place their money, effects, labor and skill, or some, or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions."

The act of each partner, in transactions relating to the partnership and within the scope of its particular business, as a general rule, is considered the act of all, and binds all, so long as the partnership continues and is undissolved. After the dissolution of a partnership, neither of the former partners can enter into any new contract or new obligation to bind his former partner.

Where a partnership is shown to exist, it may be presumed to continue, where no notice of its dissolution has been given to, or knowledge thereof received by those who are properly entitled to it.

The main questions arising out of this controversy between the plaintiff and the defendant Isenschmid are, *first,* whether there was a dissolution of this partnership prior to July 1, 1899; *secondly* whether knowledge of such a dissolution (if you find there was such a dissolution) was received by the plaintiff in this case from the defendant Paul Isenschmid prior to said date. The latter is the chief question in this controversy for you to determine from the evidence which has been produced on this witness stand before you, and from no other source.

Knowledge of the dissolution of a partnership may be proven in several ways. It may be proven by express notice to the party undertaking to give the credit; such as the plaintiff who alleges he did give the credit in this case. It may be proven also by the admission of the plaintiff that the defendant did give to him due notice of the dissolution in question; and it may be proven also by any circumstances in evidence before you which may reasonably and fairly warrant you in inferring that the plaintiff in this case did receive due knowledge of the dissolution from Mr. Isenschmid, the defendant.

It is not necessary, in order to convey the knowledge of a dissolution of a partnership, that a notice thereof should be published in a newspaper or be advertised in any way. It is sufficient if such knowledge is actually received by the plaintiff who subsequently seeks to bind an alleged partner in a former partnership which is alleged and proven to be dissolved.

It is for you to determine, upon the evidence in this case furnished from this witnesss stand, whether there was a dissolution of this partnership prior to July 1, 1899, or not. Secondly, knowledge of such dissolution must have been imparted to, or received by the plaintiff in this case prior to that date (July 1, 1899), when this transaction commenced—this sale and delivery of the goods to that partnership consisting of Emil Hertel and Paul Isenschmid, as alleged in the declaration in this case. If you find that the partnership

existed during the period commencing July 1, 1899, and ending November 14, 1899, and believe that the goods claimed to have been sold and delivered were sold and delivered to this partnership consisting of Emil Hertel and Paul Isenschmid, and if you believe the other facts necessary to maintain the case of the plaintiff, you may render a verdict in favor of the plaintiff for such an amount as you deem he is entitled to, upon the evidence before you.

On the other hand, if you believe that this alleged partnership was actually dissolved prior to July 1, 1899, and was not existing from the first of July, 1899, until November 14, 1899, and that the plaintiff had due knowledge of its dissolution and that it was not an existing partnership during that period, then you should find for the defendants. And we say to you further, in accordance with the prayer of the defendants, that if you believe that Paul Isenschmid was not a member of this firm in controversy during the period commencing July 1, 1899, and ending November 14, 1899, and that the plaintiff had due knowledge of these facts, you can not, under the charge as we have already given it to you, find a verdict against either him or Emil Hertel the other defendant, inasmuch as they have been sued jointly in this case.

With this charge, gentlemen, the case is submitted to you for your verdict.

Verdict for defendants.